Anthony K. Pomilio, J.
This is a motion made on behalf of Phyllis Carpenter, as guardian ad litem of Frances Carpenter, to settle the record on appeal from an adjudication made in the Oneida County Children’s Court on March 23, 1956, by the Honorable Ezra Hanagan, Oneida County Judge, acting as Children’s Court Judge in the absence of the Honorable Anthony K. Pomilio, Special County Judge of the County of Oneida.
Attorneys for the parties have agreed that pages 1 to 23 of the proposed record should be included in the record on appeal to the Appellate Division. They did not agree that page 24 of the proposed record should be included in the record on appeal, hence this motion. Page 24 of the proposed record is a letter dated January 16, 1956, signed by Judge Hanagan, in which he consented to serve as Judge of the Children’s Court during Judge Pomilio’s absence. This letter was filed in the Oneida County Clerk’s office April 17,1956. In addition, appellant also seeks to include in the record the copy of a certification, executed by the County Judge and the Chairman and Clerk of the Board of Supervisors and filed with the Department of State, State of Hew York, on July 31,1922, pursuant to chapter 547 of the Laws of 1922, that the judicial business of the cotinty did not warrant the election of a Judge of Children’s Court, and that the Special County Judge, already in office, could perform the duties of the Judge of Children’s Court.
*851 It is the contention of the attorney for the appellant that these two letters are an essential part of the record to show the jurisdiction of the court and the authority of the County Judge to act as Judge of the Children’s Court in the absence of the Special County Judge. Attorney for the appellee contended that neither of these letters should be included in the record and that in the event these letters are included, then Resolutions 1 and 2 of the Oneida County Board of Supervisors for the year 1922 should also be included in the record.
An understanding of the history and the functioning of Children’s Court in Oneida County is necessary in deciding this motion. Section 4 of chapter 547 of the Laws of 1922 provided in part as follows: “ In every county except those to which the provisions of this act are specifically made not applicable, the electors of the county shall, at the next general election following the taking effect of this act, choose a judge of the children’s court of such county who shall serve for such term and be paid such salary and whose successor or and successors shall be chosen in the same manner as the law provides for a county judge; provided, however, that where it shall appear from a certificate filed with the secretary of state by the county judge, or judges, or by a majority of them and the board of supervisors of such county on or before the first day of August preceding such election that the judicial business of such county will not in their opinion justify the election of a judge of the children’s court and that the county judge or judges or special county judge of such county already in office can adequately perform the duties of judge of the children’s court in addition to the duties already imposed by law, no such election shall be held in such county, and in such case the county judge or judges or such special county judge shall perform the additional duties herein conferred.”
On June 14, 1922, the Oneida County Board of Supervisors passed Resolution 1 which indicated that body’s opinion that the judicial business of the county would not justify the election of a Judge of Children’s Court and that the County Judge could perform the duties of Judge of Children’s Court. On July 12, 1922, the same board passed Resolution 7 which placed the board on record as being in favor of joining with the County Judge in a certificate to the effect that there was no necessity for the election of an additional County Judge and that the duties prescribed by chapter 547 should be performed by the regular County Judge or the Special County Judge. On July 31, 1922, the County Judge and the Chairman and Clerk of the Board of Supervisors filed a certificate with the Department of State *852 to the effect that the Special County Judge of Oneida County, already in office, could perform the duties of Judge of Children’s Court in addition to the duties already imposed by law.
The Children’s Court of Oneida County began to function with the Special County Judge acting as Judge of this court on November 1, 1922. The Special County Judge has continued to act as Judge of this court and is presently acting in that capacity. At no time have the electors of this county voted for the position of Children’s Court Judge since no such elective position exists. They have selected a Special County Judge, who, pursuant to the certificate filed with the Department of State in 1922, serves as Judge of this court. It is conceded that the duties of the Judge of this court are usually handled by the Special County Judge. However, the County Judge has acted as Judge of the Children’s Court in the absence of the Special County Judge on numerous occasions in the past. The question arises: can the County Judge act as Judge of Children’s Court in the absence of the Special County Judge and does the court have jurisdiction over a matter if a consent to serve is not filed by the County Judge pursuant to section 5 of the Children’s Court Act? Or, put another way, must the County Judge file a certificate in order for him to act as Children’s Court Judge in this county?
Section 5 of the Children’s Court Act of the State of New York provides, in part, that ‘ ‘ In absence or disability of the judge of the children’s court, a county judge, a special county judge or the surrogate may serve temporarily as judge of said court. The officer so serving shall file in the office of the county clerk a certificate stating his consent to so serve. ’ ’ This section clearly provides for the situation where a Judge of the Children’s Court, elected and acting under that title, is either absent or disabled. This situation exists in many counties, but does not govern in Oneida County. The question, therefore, still remains as to whether the County Judge must file a certificate. It is the writer’s opinion that the Special County Judge, although handling virtually all the cases in Children’s Court, does not have exclusive jurisdiction of the judicial functions in the Children’s Court of Oneida County. The certificate filed in 1922 served to eliminate the need for the election of a Judge of the Children’s Court as such. It did not confer exclusive jurisdiction upon the Special County Judge over Children’s Court, nor did it eliminate the power of the County Judge to act as Judge of the Children’s Court unless he filed a certificate. The County Judge still has jurisdiction in Children’s Court and the fact that the Special County Judge handles almost all cases in Children’s Court does not divest the County Judge of the power *853 to act. That the County Judge does not handle cases in Children’s Court results not from a lack of authority to act but rather from the necessity of dividing the workload in the County Court and the Children’s Court.
It is my opinion that the County Judge can act as Judge of the Children’s Court without filing the certificate required by section 5 of the Children’s Court Act. It, therefore, follows that the letter signed by Judge Hanagan did not have to be filed to give him power to act as Judge of the Children’s Court. Therefore, neither his letter nor the certificate filed with the Department of State is an essential part of the record.
The record on appeal is hereby settled to include pages 1 to 23 of the proposed record.
Ordered accordingly.